UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED AFRICAN ORGANIZATION, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | No. 1:22-CV-02599 | |
| ) | | |
| v. ) | | |
| ) | Judge Edmond E. Chang | |
| JOSEPH R. BIDEN, JR., in his official ) | | |
| capacity as President of the United ) | | |
| States of America, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

### ORDER

On review of the Plaintiffs' motion for preliminary injunctive relief pending appeal, R. 64, the motion is denied. First, given the pendency of the appeal on the denial of the first motion for preliminary injunction, it is doubtful that this Court retains jurisdiction to order that the government preserve unused diversity visas beyond the end of the fiscal year (and then adjudicate the remaining eligible Plaintiffs' applications). The order on appeal denied the Plaintiffs' first motion for preliminary injunction. R. 65. The first preliminary-injunction motion sought, among other things, the same thing as the Plaintiffs now ask for again: preservation of unused diversity visas beyond the end of the fiscal year. R. 27, Pls.' Br. at 22 ¶ 8 (requesting an order that would "[p]reserve unused diversity visas for adjudication and issuance beyond the end of the fiscal year"). After a notice of appeal is filed, the appellate court obtains sole jurisdiction "over those aspects of the case involved in the appeal." *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). It is true that an appeal of a preliminary-injunction grant or denial—which is an interlocutory order—does not divest the district court of jurisdiction to decide the merits of the action and issue a *final* judgment. *Wisconsin Mut. Ins. Co.*, 441 F.3d at 504–05. But that is not what the Plaintiffs are asking for. Instead, the Plaintiffs ask for another form of preliminary relief that directly overlaps with an issue on appeal. So it does not appear that this Court retains jurisdiction to issue the preliminary injunction pending appeal sought by the Plaintiffs. The motion is denied on that basis.

Even if this Court does retain jurisdiction to consider the motion for preliminary injunction pending appeal, the motion would not be granted. It is well established that a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To prevail on a motion for a preliminary injunction, the moving party must show: (1) "it is likely to succeed on the merits"; (2) "it has no adequate remedy at law"; and (3) "it will suffer irreparable harm in the absence of an injunction." *DM Trans, LLC v. Scott*, 38 F.4th 608, 617 (7th Cir. 2022). If the moving party meets these requirements, then the court balances the nature and degree of the potential harm to each party and the public interest. *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018).

As the prior Opinion explained, the Plaintiffs simply have not shown a likelihood of success to justify the entry of a preliminary injunction pending appeal. R. 54 at 16–30. It is true, as the prior Opinion also noted, *id.* at 21, that the stakes are exceptionally high for the individual Plaintiffs and their families, and time is running out to issue all of the diversity issues for this fiscal year. But especially in light of *Shahi v. United States Dep't of State*, 33 F.4th 927, 928 (7th Cir. 2022), which held that the governing statute, 8 U.S.C. § 1154(a)(1)(I)(ii)(II), does not require that the government issue the complete allotment of diversity issues every fiscal year, the Plaintiffs cannot make the threshold showing of a sufficient chance of success on the merits. And given the progress that the government has made in reasonably adjudicating diversity visas in light of the competing work of the State Department, R. 54 at 18–24, including more progress since the briefing on the first preliminary-injunction motion, *see* Defs.' Resp., R. 69 at 14–15, the unreasonable-delay claim is not likely to succeed either. The Plaintiffs are understandably distraught at the prospect of the government falling short of issuing all of the available diversity visas this fiscal year. But preliminary-injunctive relief is not warranted under the law and the facts. The motion is denied.

ENTERED:

*Edmond E. Chang*
Honorable Edmond E. Chang
United States District Judge

DATE: September 18, 2022